UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND L. THOMAS,

        Plaintiff,

vs.

Case No. 04-CV-73159
HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

<u>ORDER ACCEPTING REPORT AND RECOMMENDATION (#20);
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#17);
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#13), AND;
DISMISSING PLAINTIFF'S CLAIMS</u>

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Raymond Thomas' claim for judicial review of his June 18, 2001 application for disability benefits. The matter was referred to Magistrate Judge Mona K. Majzoub, who issued a thirteen-page Report and Recommendation on August 16, 2005 recommending that defendant's motion for summary judgment be granted, that plaintiff's motion for summary judgment be denied, and that judgment enter in favor of defendant Commissioner. Plaintiff filed timely objections on September 16, 2005 on leave granted. <u>See</u> September 16, 2005 Order; 28 U.S.C. § 636(b)(1); E.D. Mich. L.R. 72.1(d)(2).

**I. Background**

Plaintiff's current June 18, 2001 application for disability benefits is based on an alleged inability to work since May 2, 1986 due to asthma and obesity. Earlier 1986 and 1988 applications were denied. Plaintiff's June 18, 2001 application was initially denied in a May 21, 2003 thirteen-page decision issued by ALJ Earl Witten. The ALJ first concluded

that plaintiff is only insured through June 30, 1995, and must therefore establish disability on or before that date. After reviewing medical record evidence, the ALJ determined that, for the relevant period, plaintiff had bronchial asthma, steroid-induced osteopenia, degenerative joint disease of the thoracic spine, a history of acute nephrolithiasis, obesity, a small umbilical hernia, chronic stasis dermatitis, and degenerative arthrosis of the right knee. The ALJ found that plaintiff's conditions were severe in combination within the meaning of the Regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.

> Specifically with respect to obesity, the ALJ reasoned:
>
> The claimant is obese. A review of the evidence of the record and the testimony of the claimant do not suggest that the claimant complained of chronic fatigue, problems with manipulations, or problems sustaining an activity over a period of time as a result of his obesity. It appears to the undersigned that the claimant's obesity does not significantly limit his physical or mental ability to do basic work activities (SSR-00-3p).

R, at 23. The ALJ continued in his analysis that plaintiff retained the residual functional capacity ("RFC") for a range of work that required no lifting over 10 pounds and no prolonged standing or walking, at a job located in a clean air environment. The ALJ found plaintiff's allegations regarding his limitations were not fully credible and, based on the testimony of Vocational Expert ("VE") Dr. Paul Delmar, determined that plaintiff could perform his past relevant work as an insurance salesman. The ALJ thus concluded that plaintiff was not disabled for purposes of receiving disability insurance benefits. The Appeals Counsel denied plaintiff's request for review on June 22, 2004.

In her August 16, 2005 Report and Recommendation, Magistrate Judge Majzoub finds that the ALJ correctly concluded, consistent with 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.03(b) regarding asthma, and Social Security Ruling 00-3p with respect to obesity, that plaintiff's asthma and obesity do not meet or medically equal a listed impairment.

2

Magistrate Judge Majzoub notes that substantial record evidence does not support a finding that plaintiff suffered at least six asthma attacks within a one-year period prior to June 30, 1995, which required physician intervention, or that plaintiff's symptoms arising from his condition of obesity, combined with his asthmatic condition, met or exceeded a listed impairment. The Magistrate Judge finds that ALJ Witten could properly discredit as conclusionary and unsupported by objective criteria Dr. Hepner's 1989 assessment that plaintiff was "totally disabled," citing Cohen v. Secretary of Health and Human Servs., 964 F.2d 524, 528 (6th Cir. 1992). Magistrate Judge Majzoub also finds that the ALJ's credibility assessment is supported by the record evidence, as is the ALJ's determination that plaintiff retained the RFC to perform his past relevant work as an insurance salesman. Magistrate Judge Majzoub thus recommends granting defendant Commissioner's motion for summary judgment and dismissing plaintiff's claim.

## II. Objections

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Plaintiff initially objects that the ALJ erred in reviewing his claim of obesity under SSR-003p instead of the Listing Requirements for obesity in effect prior to June 30, 1995, citing Combs v. Commissioner of Social Security, 400 F.3d 353 (6th Cir.), rehearing en banc granted, (6th Cir. July 15, 2005)[1]. Plaintiff argues that his weight of 351 pounds, as reported in Dr. Michael Paletta's March 16, 1995 written evaluation, coupled with Dr.

---

[1] Plaintiff asserts he did not raise this issue before the Magistrate Judge because the Combs decision issued on March 9, 2005. The court notes that plaintiff had until March 17, 2005 to file a response to defendant's motion for summary judgment. See February 25, 2005 Scheduling Order (#15).

3

Paletta's additional assessments of chronic stasis dermatitis, worsening of bronchial asthma and diminishing exercise capacity, and longstanding morbid obesity, establish in conjunction with plaintiff's asthma, osteopenia, osteoarthritis, and degenerative arthrosis of the right knee that plaintiff met a Listing Requirement. Plaintiff asserts that the ALJ and Magistrate Judge instead ignored Dr. Paletta's March 16, 1995 assessments. Plaintiff further objects that Dr. Hepner's opinion that plaintiff is "totally disabled" is entitled to complete deference because it is supported by objective criteria found within the 600 pages of record evidence, and is not contradicted by any physician. Plaintiff maintains that neither the ALJ nor Magistrate Judge "is qualified to substitute their own non-substantiated, non-expert opinions for that of the uncontradicted professional medical opinions in the file." Plaintiff's September 16, 2005 Objections, at 16. Plaintiff emphasizes that a treating physician's opinion, such as that of Dr. Hepner, is entitled to substantial deference where, as here, there is substantial record evidence to support the opinion.

### III. Standard of Review

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court. See 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id. Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, the

court must affirm and "may not even inquire whether the record could support a decision the other way." Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).

### IV. Analysis

Plaintiff's reliance on Combs is misplaced. The Sixth Circuit held in Combs that the Commissioner of Social Security erred by retroactively applying the October 25, 1999 deletion of the obesity Listing Requirement to the Combs complainant's November 4, 1996 application for disability benefits. Combs, 400 F.3d at 354, 359. Plaintiff Thomas' instant application for social security disability benefits was filed on June 18, 2001, over a year-and-a-half after the obesity listing was deleted. The ALJ did not violate the holding in Combs by applying SSR-00-3p, and its guidance with respect to the 1999 deletion of 9.09, Obesity, from the Listing of Impairments in 20 CFR, subpart P, appendix 1, to plaintiff's June 2001 application for disability benefits. Contrary to plaintiff's assertion, neither the ALJ nor Magistrate Judge ignored Dr. Paletta's March 16, 1995 assessments. See R, at 19; Report and Recommendation, at 6.

As recognized by the Magistrate Judge, the ALJ was not required to accept Dr. Hepner's February 20, 1989 opinion that plaintiff "is permanently and totally disabled with regard to gainful employment in the future" on finding that the opinion was not supported by objective medical evidence and was inconsistent with other substantial evidence in the record. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997); Cohen, 964 F.2d at 528; 20 C.F.R. § 404.1527(d)(2). Dr. Hepner's opinion that plaintiff is permanently and totally disabled is not even a "medical opinion":

> (e) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the

5

> determination or decision of disability.
>
> (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. § 404.1527(e)(1).

Plaintiff's objection confuses a physician's expert medical opinion with the expertise required to make a determination of "disability" for the purpose of qualifying for social security benefits as a matter of law.  The ALJ, as well as the Magistrate Judge, do not dispute Dr. Hepner's medical opinion that plaintiff suffers from a severe condition of asthma.  R, at 21; Report and Recommendation, at 9.  Dr. Hepner's opinion that plaintiff is "permanently and totally disabled with regard to gainful employment" as a result of his asthmatic condition is, however, contradicted by record evidence, including progress notes taken by other treating physicians during 1993 and 1994, as cited by the ALJ.  See R, at 19.  Dr. Paletta noted in a March 16, 1995 examination of plaintiff that: "Until recently [plaintiff] has been capable of great physical work and was running a hog farm and a landscape business without much impairment."  R, at 447.  Plaintiff testified at his hearing that he believed he could not have performed even a "sit-down" job prior to 1995 due "mostly" to the "regimen" of using "that breathing machine [nebulizer]," a restriction incorporated into a hypothetical question posed by ALJ Witten to VE Delmar, with the VE opining that plaintiff's nebulizer use would not adversely impact his performance as an insurance salesman.  R, at 640, 649.  A VE's response to an ALJ's accurate hypothetical question constitutes "substantial evidence" on which the ALJ may rely in denying a claim for benefits.  Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 239 (6th Cir. 2002) (quoting Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir. 1987)).

This court "'may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.'" Walters, 127 F.3d at 531 (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).  This court is not authorized to reexamine the 600 page record to inquire whether it could also support a decision "the other way." Smith, 893 F.2d 108.  The ALJ's May 21, 2003 decision denying plaintiff's application for disability benefits is supported by substantial evidence in the record, and is based upon appropriate legal standards. Studaway, 815 F.2d at 1076.  Plaintiff's objections are not well taken, and are overruled.

### VI. Conclusion

Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Majzoub's August 16, 2005 Report and Recommendation.  Defendant Commissioner of Social Security's motion for summary judgment is hereby GRANTED.  Plaintiff Raymond Thomas's motion for summary judgment is hereby DENIED.  Plaintiff's claims are hereby DISMISSED.

SO ORDERED.

                                                              s/George Caram Steeh  
                                                              GEORGE CARAM STEEH  
                                                              UNITED STATES DISTRICT JUDGE

Dated:  September 23, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 23, 2005, by electronic and/or ordinary mail.

                                                              s/Josephine Chaffee  
                                                              Secretary/Deputy Clerk